[Crim. No. 2583. Second Appellate District, Division Two.—December 27, 1934.]

THE PEOPLE, Respondent, v. AHMED ABDULLAH, Appellant.

Paul Barksdale O'Orr and Thomas A. Reynolds for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

STEPHENS, P. J.—Defendant was heretofore convicted on two counts of rape and on appeal judgment of conviction and order denying motion for new trial was reversed. (*People* v. *Abdullah,* 134 Cal. App. 155 [25 Pac. (2d) 40, 42].) On the second trial the jury acquitted him on count one, pursuant to the court's instruction, and convicted him on count two, which charged an act alleged to have occurred September 25, 1932. Defendant again appeals from the judgment and order denying motion for new trial.

The opinion of this court on the first appeal sets out the testimony in substance and declares: "We think the evidence as to these specific acts was so unsubstantial as to amount practically to no evidence at all." In the retrial, the specific act is testified to directly, together with the date upon which it is claimed to have occurred.

In the interim between the first and second trials a child was born to the complaining witness and it is claimed Abdullah is its father. This child was exhibited to the jury. It is claimed in this appeal that the evidence adduced at the second trial was not materially, essentially or substantially different from that adduced upon the first trial. (*Estate of Baird,* 195 Cal. 225 [223 Pac. 974].) The difference mentioned above, however, goes to the very essence of the cause for reversal of the first conviction and is substantial. In that trial the witness testified generally, in the last trial she was specific. It is true that the cross-examination revealed at best very faulty memory of events that would be likely to fix the specific act in her mind separate and apart from a series of acts testified to in the first trial but not in the second trial. We are not prepared, however, to say that this condition of the testimony should nullify its legal effect. The jury heard it and believed it. The trial judge refused a new trial. We think the ruling on the motion for new trial must be sustained and that the judgment must be affirmed, and it is so ordered.

Crail, J., and Willis, J., *pro tem.,* concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 25, 1935.

Curtis, J., and Langdon, J., voted for a hearing.